[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Gary Lee Dressler was convicted of speeding in violation of Reading Codified Ordinance 434.03, a minor misdemeanor with a maximum $100 fine, but, under the circumstances of this case, with no possibility of confinement. Dressler represented himself throughout the proceedings.
The record demonstrates that Dressler's vehicle was clocked by stationary radar at a speed of forty-five miles per hour in a twenty-five-mile-per-hour zone in the city of Reading. Reading Police Officer Dean Ramsey had observed Dressler traveling at what appeared to be a high rate of speed. Officer Ramsey used the stationary radar unit in his cruiser to determine Dressler's speed. There were no obstructions between the cruiser and Dressler's car. The calibration of the radar unit was checked both before and after the stop. Officer Ramsey was trained to calibrate the unit by others in the department, including a certified instructor for radar units.
On appeal, Dressler raises the following five assignments of error: (1) the trial court erred by failing to inform him of his right to counsel; (2) the evidence failed to demonstrate that he was operating his car in a reckless or an unsafe manner; (3) the trial court erred by not requiring documentation and expert testimony regarding the radar unit's calibration; (4) the trial court erred by not asking for proof of insurance; and (5) the clerk of courts threatened Dressler with incarceration if he did not pay his fine.
As to Dressler's first assignment, we conclude that he has failed to demonstrate the error of which he complains, because he has failed to transmit to this court a record of the proceedings where notice of his right to counsel was required under Traf.R. 8, Crim.R. 5 and 10, and R.C. 2937.02. We also note that he has conceded in oral argument that a general statement was made concerning his right to representation. Therefore, we overrule Dressler's first assignment.
In his second assignment, he claims either that his conviction was not supported by sufficient evidence or that it was against the manifest weight of the evidence. Specifically, he argues that there was no evidence that he was operating his vehicle in a reckless or an unsafe manner. Reading Codified Ordinance 434.03(A) states that "[n]o person shall operate a motor vehicle at a speed greater or less than is reasonable or proper* * *." Reading Codified Ordinance 434.03(C) provides that traveling in excess of any specified speed limitation is primafacie proof of unlawful speed.[1] "Such a provision as to speed is merely a rule of evidence raising a rebuttable presumption which may be overcome by evidence showing that in the circumstances the speed was neither excessive nor unreasonable."[2] The city of Reading established that Dressler was traveling at a speed in excess of the posted limit. Dressler did not, however, rebut the presumption of unlawful speeding. He merely adduced evidence that he was alert and that it was not raining. We overrule Dressler's second assignment. There was sufficient evidence for the trier of fact to find beyond a reasonable doubt that Dressler had traveled forty-five miles per hour in a twenty-five-mile-per-hour zone at approximately 10:00 p.m., thereby violating the speed ordinance, and such a finding was not against the weight of the evidence.
In his third assignment, Dressler claims that Officer Ramsey's testimony was hearsay, and that the city failed to establish that the radar had been functioning properly. We find no merit in this assignment. Officer Ramsey checked the calibration before and after stopping Dressler, and he had been trained to do so. There was no requirement for expert testimony regarding the radar's accuracy. The evidence submitted by Officer Ramsey was sufficient,[3] and it did not constitute improper hearsay.
In his fourth assignment, Dressler claims that the trial court erred by not asking for proof of insurance. The record shows that, while he was stopped, Dressler had refused to show Officer Ramsey proof of insurance. The court had discretion to ask for proof of financial responsibility. It did not do so. That was not error. But the court did not have the authority to impose a license suspension for failure to show proof of financial responsibility. That authority lay with registrar of the Bureau of Motor Vehicles.[4] Dressler presented evidence that the Bureau of Motor Vehicles had restored his driving privileges. Thus, we sustain Dressler's fourth assignment only to the extent that the trial court lacked authority to suspend his driver's license.
As to Dressler's claim that he was threatened with incarceration by the clerk of courts, he has failed to demonstrate the alleged error in the record before us. Thus, we overrule this assignment. We do note, however, that if such a threat were made, it was wholly inappropriate and could have subjected the city to unpleasant consequences.
Therefore, we affirm the judgment of the trial court except to the extent that it imposes a license suspension. We remand this case to the trial court to delete from its journal that part of the judgment suspending Dressler's driver's license.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] Accord Cleveland v. Keah (1952), 157 Ohio St. 331, 105 N.E.2d 402, paragraph one of the syllabus.
[2] Id.
[3] See Cincinnati v. Wirtz (Apr. 14, 1982), Hamilton App. No. C-810369), unreported; East Cleveland v. Ferrell (1958), 168 Ohio St. 298,154 N.E.2d 630.
[4] See R.C. 4509.101.